STATE OF NEBRASKA, APPELLEE, V.
JEFFREY L. VOLCEK, APPELLANT.

729 N.W.2d 90

Filed March 13, 2007.    Nos. A-06-568, A-06-569.

Jeff T. Courtney for appellant.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Jeffrey L. Volcek brings these appeals from the district court's affirmance of the sentences imposed by the county court for Douglas County in two cases concerning Volcek's violation of city ordinances concerning maintenance of real property. In case No. A-06-568, Volcek attempts to challenge the county court's failure to waive a 45-day jail sentence imposed in a probation order. We find Volcek's appeal regarding this sentence to be untimely, and we dismiss that appeal. In case No. A-06-569, Volcek challenges the county court's sentence of 45 days' imprisonment. We find no abuse of discretion by the county court, and we uphold the district court's affirmance of that sentence.

## II. BACKGROUND
### 1. CASE No. A-06-568

On January 26, 2005, the State filed a complaint in Douglas County Court charging Volcek with the violation of a number of

city ordinances concerning maintenance of real property, including allowing the growth of noxious weeds, failure to secure a building permit, failure to secure an occupancy certificate, and violation of zoning and parking ordinances. On August 25, Volcek entered pleas of guilty to two counts and the State dismissed the rest. Also on August 25, the county court sentenced Volcek to a term of 6 months' probation.

The probation order contained a provision requiring Volcek to serve a term of 45 days' imprisonment to begin on December 15, 2005, "unless waived by the Court." The probation order also set a hearing date on December 15 "for the purpose of determining whether said jail sentence should be waived." No appeal was taken from the probation order.

On December 15, 2005, the county court held a hearing at which the issue of whether the court would waive the 45-day jail sentence was addressed. At the conclusion of the hearing, the court declined to waive the jail sentence and ordered Volcek to serve 45 days in jail, as previously set forth in the August 25 probation order.

Volcek appealed to the district court, which affirmed on April 20, 2006. Volcek then brought the appeal docketed in this court as case No. A-06-568.

## 2. Case No. A-06-569

On September 29, 2005, the State filed a complaint in Douglas County Court charging Volcek with the violation of a number of city ordinances concerning maintenance of real property, including violations of parking and zoning ordinances, littering, and failure to secure a building permit. On December 15, Volcek entered a plea of guilty on one count and the State dismissed the rest. Also on December 15, the county court sentenced Volcek to a term of 45 days' imprisonment, to be served consecutively with the sentence in case No. A-06-568.

Volcek appealed to the district court, which affirmed on April 20, 2006. Volcek then brought the appeal docketed in this court as case No. A-06-569.

## III. ASSIGNMENTS OF ERROR

In each case, Volcek's sole assignment of error is that the 45-day jail term imposed in that case is an excessive sentence.

## IV. ANALYSIS
### 1. CASE No. A-06-568

In case No. A-06-568, Volcek attempts to appeal from the district court's order upholding the county court's refusal to waive the 45-day jail term that was imposed as a term of Volcek's probation. Volcek argues that the imposition of 45 days' imprisonment is an excessive sentence. We find that Volcek's appeal on this issue is untimely because Volcek failed to appeal from the court's imposition of sentence.

In a criminal case, the judgment is the sentence. *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006). The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 1995) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *State v. Vela, supra.*

It is clear that in Nebraska, sentencing orders in which a defendant is sentenced to probation with one term of probation's being a jail term that may or may not ultimately be waived by the court are final, appealable orders. See, *State v. Stott*, 255 Neb. 438, 586 N.W.2d 436 (1998); *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991); *State v. Charles*, 13 Neb. App. 305, 691 N.W.2d 567 (2005); *State v. Ruisi*, 9 Neb. App. 435, 616 N.W.2d 19 (2000), *disapproved on other grounds, State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001); *McDermott v. McDermott*, 8 Neb. App. 860, 602 N.W.2d 676 (1999). As such, the county court order sentencing Volcek to probation was a final, appealable order from which no appeal was taken.

Inasmuch as the probation order itself was a final, appealable order, it is apparent that the county court's later decision not to waive the term of incarceration is not itself an appealable order. First, we note that there is no authority in this state for allowing an appeal from a court's ultimate determination of whether to waive a jail term imposed as a term of probation. Second, we note

that a court's determination not to waive such a jail term does not affect a substantial right and does not fit within any of the three types of final, appealable orders set forth in § 25-1902.

A substantial right is an essential legal right, not a mere technical right. *State v. Vela, supra.* A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *Id.* In this case, the court's determination not to waive the jail term did not diminish a claim or defense otherwise available to Volcek and did not affect any substantive right that Volcek had prior to the order; Volcek did not have any substantive right to have the jail term waived, and such was merely within the discretion of the county court. See Neb. Rev. Stat. § 29-2263(2) (Cum. Supp. 2006) (court may modify, eliminate, or add terms of probation).

Further, it is clear that the court's determination not to waive the jail term did not in effect determine the action and prevent a judgment, as it actually came after the judgment and was not entered in a special proceeding. Additionally, the court's determination was not made on summary application after the judgment was rendered. Compare *State v. Maestas*, 11 Neb. App. 262, 647 N.W.2d 122 (2002). As such, in addition to not affecting a substantial right, the court's determination did not satisfy the other criteria to be considered in discerning a final, appealable order under § 25-1902.

Because Volcek failed to appeal from the sentencing order which first imposed the jail term as a term of probation, we find that Volcek failed to timely perfect an appeal challenging that term of probation. Accordingly, the district court lacked jurisdiction to hear Volcek's appeal in the case docketed in this court as case No. A-06-568, and we similarly lack jurisdiction. The appeal in case No. A-06-568 is dismissed.

## 2. CASE NO. A-06-569

In case No. A-06-569, Volcek asserts that the county court imposed an excessive sentence when sentencing him to 45 days in jail on a charge of littering, pursuant to a city of Omaha municipal ordinance. The record presented on appeal does not include a copy of the ordinance under which Volcek was sentenced, and the complaint filed in county court does not include any substantive

allegations concerning the appropriate sentencing range. As such, we are unable to review the sentence imposed.

When considering an assignment of error claiming the imposition of an excessive sentence upon a conviction based on a municipal ordinance, the Nebraska Supreme Court has been clear that an appellate court will not take judicial notice of the ordinance specifying the penalties for a violation unless the ordinance is made a part of the bill of exceptions or is included in the certified transcript prepared by the clerk of the county court. *State v. Abbink*, 260 Neb. 211, 616 N.W.2d 8 (2000). It is incumbent upon the appellant to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id.* Where no ordinance which specifies the penalties for a violation is in the record to review, the appellate courts do not address excessive sentence assignments of error. See *id.*

In this case, Volcek was convicted and sentenced pursuant to a municipal ordinance. The bill of exceptions does not include any copy of the ordinance under which Volcek was sentenced. No copy of the ordinance was requested to be included in the transcript. No copy of the ordinance appears anywhere in the record presented on appeal. As such, we cannot consider Volcek's assignment of error.

Additionally, we note that the complaint filed in the county court does not remedy the defect in the record in this case. In *State v. Dunn*, 14 Neb. App. 144, 705 N.W.2d 246 (2005), this court discussed the present state of the "ordinance rule" in Nebraska and recognized that with respect to sufficiency of the evidence claims, an appellate court can assume material allegations in a long-form criminal complaint containing substantive allegations reflect the substantive content of the ordinance and that the appellate court can review the evidence to determine its sufficiency to prove the matters alleged. Even assuming this same application of the ordinance rule would apply to sentencing matters, the complaint filed against Volcek in this case contains no substantive allegations concerning the applicable sentencing range.

## V. CONCLUSION

We dismiss the appeal in case No. A-06-568 because Volcek failed to perfect a timely appeal from the sentencing order.

We affirm the district court's decision upholding the sentence imposed in case No. A-06-569, because Volcek failed to include the applicable municipal ordinance in the record on appeal.

APPEAL IN NO. A-06-568 DISMISSED.

JUDGMENT IN NO. A-06-569 AFFIRMED.