Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/19/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Donald R. Thalmann, appellant.
___ N.W.2d ___

Filed January 25, 2019.    No. S-18-111.

1.  **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
3.  **Final Orders: Appeal and Error.** Numerous factors have been set forth defining when an order affects a substantial right. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.
4.  **Words and Phrases.** A substantial right is an essential legal right, not merely a technical right.
5.  **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Appeal dismissed.

Joseph D. Nigro, Lancaster County Public Defender, and Matthew F. Meyerle for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Donald R. Thalmann was serving a sentence of probation following a conviction for possession of a controlled substance. After several positive drug and alcohol screens, his probation officer sought the imposition of a custodial sanction. The district court imposed a 15-day custodial sanction. Thalmann appeals. We dismiss Thalmann's appeal.

## BACKGROUND

Thalmann was convicted of possession of a controlled substance, a Class IV felony, and sentenced to a term of 3 years' probation. Just 2 months into that term of probation, Thalmann's probation officer sought the imposition of a custodial sanction. A hearing was held on the motion for a custodial sanction.

At that hearing, the State offered the testimony of Thalmann's probation officer and various exhibits in support of the request for a custodial sanction. The district court granted the motion and imposed a custodial sanction of 15 days' imprisonment.

## ASSIGNMENTS OF ERROR

On appeal, Thalmann assigns that the district court erred in (1) considering exhibits 2 and 7 through 9, because receipt of those exhibits violated Thalmann's due process rights, and (2) finding there was sufficient evidence to support a finding that Thalmann violated the terms of his probation.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law,

which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[2] After reviewing the record, we conclude that we lack appellate jurisdiction because Thalmann has not appealed from a final order.

Neb. Rev. Stat. § 25-1911 (Reissue 2016) gives appellate courts jurisdiction to review "[a] judgment rendered or final order made by the district court . . . for errors appearing on the record." For purposes of appellate jurisdiction, "[a] judgment is the final determination of the rights of the parties in an action."[3] "Any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the code and ending in a final judgment is an action."[4] In a criminal case, the judgment from which the appellant may appeal is the sentence.[5] Here, the sentence was the placement of Thalmann on probation.

Because the order from which Thalmann attempts to appeal was not a judgment, we must consider whether it was a final order. Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that,

---

[1] *Simms v. Friel, ante* p. 1, ___ N.W.2d ___ (2019).

[2] *Last Pass Aviation v. Western Co-op Co.*, 296 Neb. 165, 892 N.W.2d 108 (2017).

[3] Neb. Rev. Stat. § 25-1301(1) (Reissue 2016).

[4] *Rehn v. Bingaman*, 157 Neb. 467, 479, 59 N.W.2d 614, 620 (1953).

[5] *State v. Ratumaimuri*, 299 Neb. 887, 911 N.W.2d 270 (2018).

in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. We have not previously opined on the finality of an order imposing a custodial sanction. Because such a sanction is common to all three categories of a final order under § 25-1902, we turn first to whether this order affects a substantial right.

[3] Numerous factors have been set forth defining when an order affects a substantial right. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue.[6] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[7]

[4,5] Regarding the importance of the right affected, we often state that a substantial right is an essential legal right, not merely a technical right.[8] It is a right of "'substance.'"[9] We have elaborated further that an order affects a substantial right if it "'affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.'"[10] Whether the effect of an order is substantial depends on "'whether it affects with finality the rights of the parties in the subject matter.'"[11] This aspect of "'affecting a substantial right'" also depends on whether the right could otherwise be effectively vindicated.[12] An order affects a substantial

---

[6] *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

[7] *Id.*

[8] *Id.*

[9] *Id*. at 913, 870 N.W.2d at 138.

[10] *Id*. at 914, 870 N.W.2d at 138.

[11] *Id.*

[12] *Id.*

right when the right would be "'significantly undermined'" or "'irrevocably lost'" by postponing appellate review.[13] The duration of the order is relevant to whether its effect on the substantial right is substantial.[14]

This case presents two distinct rights that are affected by the order imposing a custodial sanction of 15 days' imprisonment. The first is Thalmann's liberty interest. The second is Thalmann's right to not have his probation revoked, a possible consequence because, under Neb. Rev. Stat. § 29-2267(3) (Reissue 2016), revocation proceedings may be instituted against him "in response to a substance abuse or noncriminal violation if the probationer has served ninety days of cumulative custodial sanctions during the current probation term."

The second right—the possibility of the revocation of his probation—is not a substantial right. The imposition of 15 days toward the 90 days after which Thalmann's revocation proceeding might be instituted is speculative. Thalmann might not have further days of custodial sanction imposed, the State might not choose to institute revocation proceedings, or the court might deny any request to revoke probation. This right is not an essential right, but is a mere technical right.

Moreover, this right would not be significantly undermined or irrevocably lost if it is not reviewed at this time, because that right is not at risk as a result of this order. Should proceedings to revoke Thalmann's probation be instituted at a later date, the merits of this custodial sanction could be addressed in an appeal from those proceedings.

Having concluded that the second right is not substantial, we turn to the first right—Thalmann's liberty interest. We likewise conclude that on these facts, such is not a substantial right.

First, this order does not affect Thalmann's custodial status under Nebraska law. When Thalmann was sentenced to

---

[13] *Id.*

[14] *State v. Jackson, supra* note 6.

probation, he was in custody for purposes of Nebraska law.[15] Even after the entry of the district court's order, Thalmann remains on probation. The imposition of the custodial sanction does not change his status as being in custody—it simply modifies the nature of that custody. During his postrelease supervision, Thalmann was always subject to a custodial sanction.

Moreover, the custodial sanction imposed in this case was just 15 days—a relatively brief modification in the nature of his custody. Orders of a temporary nature are often not final, because the temporary nature of the order prevents it from substantially affecting an individual's rights.[16]

Because we conclude that the order imposing a custodial sanction did not affect a substantial right, Thalmann does not appeal from a final order. Accordingly, we must dismiss his appeal for lack of jurisdiction.

## CONCLUSION

The order imposing a custodial sanction does not affect a substantial right and is not final. Accordingly, Thalmann's appeal is dismissed.

APPEAL DISMISSED.

---

[15] Cf. *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992).

[16] See, e.g., *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018); *State v. Jackson*, *supra* note 6; *In re Interest of Danaisha W. et al.*, 287 Neb. 27, 840 N.W.2d 533 (2013); *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006); *In re Interest of T.T.*, 18 Neb. App. 176, 779 N.W.2d 602 (2009).