Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/29/2019 12:10 AM CST

State of Nebraska, appellee, v.
Larry Paulsen, appellant.

___ N.W.2d ___

Filed September 6, 2019.    No. S-18-936.

1.  **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2.  **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.
3.  **Jurisdiction: Judgments: Words and Phrases: Appeal and Error.** For purposes of appellate jurisdiction, a judgment is the final determination of the rights of the parties in an action.
4.  **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.
5.  **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902 (Reissue 2016) include those legal rights that a party is entitled to enforce or defend.
6.  **Probation and Parole: Appeal and Error.** Claim-specific standards of review apply to an appeal of an order refusing to modify or eliminate a probation condition.

Appeal from the District Court for Dawson County: James E. Doyle IV, Judge. Affirmed.

Christopher Ferdico and Erik W. Fern, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

Over 6 months after the district court for Dawson County sentenced him to probation and imposed various terms thereof, Larry Paulsen filed a motion to modify one of those terms relating to possession of firearms. The district court denied the motion, and Paulsen has appealed. We conclude that the district court did not err in denying Paulsen's motion and therefore affirm.

## BACKGROUND

*Conviction and Sentence.*

Paulsen's conviction in this case arose out of the district court's acceptance of his plea of guilty to driving under the influence, second offense. The district court set forth its sentence in a journal entry filed on January 16, 2018, in which it stated that it was sentencing Paulsen to jail for 30 days and probation for 24 months "under the terms and conditions set by the Court." The district court also revoked Paulsen's driver's license for 18 months and ordered him to pay a $1,000 fine. The district court later entered an order setting forth various conditions to which Paulsen would be subject during his 24 months of probation. One of the conditions states that Paulsen shall not "have nor associate with anyone who has possession of firearms, ammunition, or illegal weapons."

Paulsen did not appeal his conviction or sentence.

*Motion to Modify Probation Order.*

On August 28, 2018, Paulsen filed a motion to modify the terms of his probation under Neb. Rev. Stat. § 29-2263(3) (Reissue 2016). Paulsen asked the district court to remove the term of probation relating to firearms. In the motion, Paulsen

asserted that he had "always been a collector of different fire-arms, including mostly hunting rifles or shotguns," that he had "always been in possession of those weapons in his residence," but that he "recently had that room locked up by Dawson County Probation and the keys to the room were delivered to [his] counsel." Paulsen alleged that he had no history of violence, that there was no evidence any of his driving under the influence convictions were caused by firearm ownership, and that there was thus no reasonable connection between his rehabilitation and the firearms restriction in the probation order. Paulsen also stated that he had not been sanctioned since beginning his probation term.

The State did not object to Paulsen's motion, and consequently, the district court considered it without a hearing. In a written order, the district court denied Paulsen's motion. It explained that the firearms restriction is part of the court's usual and customary terms of probation and that it is included to protect the public and probation officers. The district court then noted that in ruling on requests to modify probation conditions, it considers whether there has been a material change in circumstances which arose after the entry of the probation order. The district court found that Paulsen had not identified a material change in circumstances or any other reason that would entitle him to the relief sought. There is no indication in the record that the administration of probation ceased during the pendency of this appeal.

Paulsen appeals the order denying modification.

ASSIGNMENT OF ERROR

Paulsen contends that the district court erred by overruling his motion for modification of his probation order.

STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

The standard of review governing orders denying a motion to modify probation are discussed further in the analysis section below.

## ANALYSIS

Paulsen contends that the district court erred by denying his request to eliminate the condition of his probation relating to firearms. Before we may reach that question, however, we must ensure we have appellate jurisdiction. See *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018). We have an independent obligation to ensure we have appellate jurisdiction, *id.*, and in this case, the State also contends appellate jurisdiction is lacking.

*Jurisdiction.*

[2,3] For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019). For purposes of appellate jurisdiction, a judgment is the final determination of the rights of the parties in an action. *State v. Thalmann*, 302 Neb. 110, 921 N.W.2d 816 (2019). In a criminal case, the judgment from which the appellant may appeal is the sentence. *Id.* Here, the sentencing order was entered on January 16, 2018, and the order setting forth the terms of Paulsen's probation was entered on February 22. Paulsen did not timely appeal from either of those orders and therefore did not timely appeal from a final judgment.

[4] The jurisdictional question before us is thus whether the order denying Paulsen's motion for modification of his probation terms was a final order. Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action

after a judgment is rendered. *State v. Thalmann, supra.* We find that the order from which Paulsen appeals falls into the third category for reasons we will explain.

Starting with the most straightforward aspect of the third category of final orders, the district court's order was made "upon a summary application in an action after judgment." See § 25-1902. We have said that an order made "upon a summary application in an action after judgment" under § 25-1902 is "'an order ruling on a postjudgment motion in an action.'" See *State v. Coble*, 299 Neb. 434, 438, 908 N.W.2d 646, 651 (2018). See, also, John. P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239, 313 (2001) ("only reasonable interpretation of the words of the statute . . . is that an order 'upon a summary application in an action after jugdment' is an order ruling on a post-judgment motion in an action"). Paulsen's motion seeking a modification of his probation terms plainly meets that definition.

While a more difficult question, we also find that an order denying a motion to modify or eliminate a probation condition affects a substantial right. We have identified many factors that define when an order affects a substantial right. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. *State v. Thalmann*, 302 Neb. 110, 921 N.W.2d 816 (2019).

Regarding the importance of the right affected, we often state that a substantial right is an essential legal right, not merely a technical right. See, e.g., *id.* Also relevant to the importance of the right, we have stated that an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. See *id.* Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id.* This aspect of affecting a substantial right also depends on whether the right could otherwise be

effectively vindicated. *Id.* An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review. *Id.*

In order to determine whether an order denying a motion to modify a probation condition affects a right that is sufficiently important to be classified as substantial, we must consider the source and nature of the right asserted. Paulsen contends that § 29-2263(3) confers a substantial right that was affected by the district court's order denying his motion to modify. The text of § 29-2263(3) provides: "During the term of probation, the court on application of a probation officer or of the probationer . . . may modify or eliminate any of the conditions imposed on the probationer or add further conditions authorized by [Neb. Rev. Stat. § 29-2262 (Reissue 2016)]."

Section 29-2263(3) gives trial courts the authority to modify or eliminate conditions of probation "[d]uring the term of probation." Because a defendant's term of probation will not begin until after the sentence is pronounced, § 29-2263(3) creates an exception to the general rule that, once a valid criminal sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. See, e.g., *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006). In other words, while other aspects of a criminal sentence are quite static, § 29-2263(3) allows a court to make adjustments to conditions of probation as changing circumstances warrant.

Section 29-2263(3) is not so explicit about the standards trial courts are to apply when considering whether to modify or eliminate probation terms. But § 29-2263(3) is part of a collection of statutes dealing with probation. As we often say, such a collection of statutes pertaining to a single subject matter "are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible." See *State v. McGuire*, 301 Neb. 895, 901, 921

N.W.2d 77, 83 (2018). And another statute in this collection of statutes, Neb. Rev. Stat. § 29-2262 (Reissue 2016), addresses the standards courts are to consider in imposing conditions of probation.

Section 29-2262 provides trial courts with considerable discretion in fashioning conditions of probation, but also provides some guidance as to what courts are to consider in doing so. Section 29-2262(1) directs courts sentencing an offender to probation to "attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life." Section 29-2262(2) sets forth a number of specific conditions that a court may impose and also states that "any other conditions reasonably related to the rehabilitation of the offender" may be imposed. In addition to these limitations on permissible probation conditions, some probation conditions may also be subject to constitutional limitations. See, e.g., *State v. Rieger*, 286 Neb. 788, 839 N.W.2d 282 (2013).

Mindful of our obligation to read § 29-2263(3) in pari materia with § 29-2262, we believe § 29-2263(3) is best read as giving a probationer the right to initiate a process where the sentencing court may assess whether, in light of new circumstances arising during the course of probation and within the bounds of constitutional limitations, conditions might reasonably be changed to better accomplish the primary goal of probation—"to insure that the offender will lead a law-abiding life." See § 29-2262(1). In some cases, a probationer might demonstrate that because of changed circumstances, a probation condition is no longer appropriate. A probationer might, for example, demonstrate that, in light of new circumstances, a condition that was once "reasonably related to the rehabilitation of the offender" is no longer so. See § 29-2262(2)(r). Of course, the statutory ability to initiate a modification process is not an opportunity to collaterally attack the sentencing judgment or to reassess whether the initial conditions of probation were erroneous. That is the proper subject of an appeal from

the judgment of the initial sentence and must be taken within the time limit established by the Legislature.

[5] With this understanding of the right conferred by § 29-2263(3) established, it becomes clearer that the denial of relief sought thereunder affects a substantial right. Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend. *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016). Appellate courts regularly allow parties to enforce their right to not be subjected to probation conditions that are unauthorized by law at the time of sentencing. See, e.g., *State v. Rieger, supra*. We see no reason why the right to be subjected to only those probation terms authorized by law is any less substantial when sought during the term of probation. Moreover, an order denying modification or elimination of conditions affects the right with finality; there is no later point at which the issue could be effectively reviewed on appeal.

While the reasons set forth above suggest that the district court's order is an order affecting a substantial right made on summary application in an action after judgment is rendered, the State contends that a different conclusion follows from the Nebraska Court of Appeals decision in *State v. Volcek*, 15 Neb. App. 416, 729 N.W.2d 90 (2007). We disagree.

In *Volcek*, a defendant was sentenced to probation with one of the conditions requiring the defendant to serve a term of 45 days' imprisonment "'unless waived by the Court.'" 15 Neb. App. at 418, 729 N.W.2d at 92. The probation order required the term of imprisonment to begin on a specified date and set a hearing on that same date for the court to determine whether the jail term should be waived. The defendant did not appeal the original sentencing and probation order, but attempted to appeal from the trial court's later decision not to waive the jail sentence. The Court of Appeals reasoned that the defendant did not have any substantive right to have the jail term waived, but that the decision was merely within the discretion of the trial court and was thus not appealable.

The State contends that like the request to waive the jail term in *Volcek*, Paulsen did not have any substantive right to have conditions of probation modified or eliminated. Unlike this case, however, the defendant in *Volcek* was not requesting that a term of probation be modified or eliminated. Instead, the trial court was simply presented with the question of whether, under the permissive language of the original probation order, the jail term should be waived.

We recognize that *Volcek* does contain a reference to the language of § 29-2263(3) following its conclusion that the decision to waive the jail term was entirely within the discretion of the trial court. This reference is somewhat cryptic, given that there did not appear to be a motion to modify or eliminate probation conditions in that case. In any event, to the extent *Volcek* suggests that § 29-2263(3) provides no standards by which motions brought thereunder are to be evaluated and leaves them solely to the unfettered and unreviewable discretion of the trial court, we disapprove for the reasons we have set forth above.

For these reasons, we conclude that the order denying Paulsen's motion was a final, appealable order.

*Merits.*

Before turning to the merits of Paulsen's appeal, we pause to address the standard of review. We do not appear to have previously addressed the standard of review governing an order denying a motion brought under § 29-2263(3).

[6] When probation conditions are challenged on direct appeal, the standard of review depends on the challenge asserted. In *State v. Rieger*, 286 Neb. 788, 839 N.W.2d 282 (2013), we reviewed a claim that a condition of probation that infringed on a fundamental constitutional right was not sufficiently tailored to an offender's rehabilitative process for an abuse of discretion. In contrast, the question of whether a condition of probation is authorized by statute is a question of law subject to de novo review. See, *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010); *State v. Grimm*, 240 Neb.

863, 484 N.W.2d 830 (1992). We hold that these same claim-specific standards of review apply to an appeal of an order refusing to modify or eliminate a probation condition. With these standards established, we proceed to consider the merits of Paulsen's argument.

Paulsen offers a primary and an alternative argument that the district court erred by refusing to remove the firearms condition. We are not persuaded by either.

Paulsen's primary argument is that because the firearms restriction affects his fundamental right to bear arms under the U.S. and Nebraska Constitutions, any such restriction must be subjected to heightened scrutiny, and that the restriction in this case cannot withstand such review. In support of this argument, Paulsen invokes *Rieger*, where we held that because a probation condition affected a fundamental constitutional right, the condition must be "narrowly tailored and reasonably related to the rehabilitative process." 286 Neb. at 796, 839 N.W.2d at 288.

As Paulsen must acknowledge, however, he did not argue in the district court that the firearms restriction was subject to heightened scrutiny for constitutional reasons. Nor did he argue that because he pled to an offense that was not a felony, the firearms restriction should have included the "written permission by the court" language set forth in § 29-2262(2)(i). We have held that a court cannot err with respect to a matter not submitted to it for disposition and that an issue not presented to or passed on by the trial court is not appropriate for consideration on appeal. See *Sherman T. v. Karyn N.*, 286 Neb. 468, 837 N.W.2d 746 (2013). Because Paulsen did not present these arguments to the district court, they are not properly before us on appeal.

This leaves Paulsen's alternative argument. Here, Paulsen contends that even if the heightened scrutiny we applied in *Rieger* does not apply, the firearms restriction is still improper given the crime for which probation was imposed and Paulsen's lack of a history of violence.

Paulsen articulated the substance of this argument in the district court. In his motion, he alleged that he did not have a propensity for or history of violence, that his criminal convictions for driving under the influence did not involve firearms, that there was no connection between his rehabilitation and his possession of firearms, and that there was no risk to public safety in removing the firearms restriction. But while Paulsen made all of these allegations in support of his motion to modify, none of them arise out of circumstances that developed during the term of probation. Instead, all of these arguments for why the firearms restriction was unreasonable could have been made in a challenge to the firearms restriction on direct appeal.

The district court relied on the absence of a material change in circumstances as a reason for refusing to modify the firearms restriction. We do not believe the district court erred by doing so. As we noted recently in *State v. Dill*, 300 Neb. 344, 352, 913 N.W.2d 470, 475 (2018), although § 29-2263(3) allows for the modification of probation conditions during the term of probation, objections to probation conditions "should be brought to the sentencing court's attention for possible elimination or modification at the outset." Our conclusion in *Dill* is consistent with the "fundamental principle" that "[t]he need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Parnell*, 294 Neb. 551, 578, 883 N.W.2d 652, 672 (2016).

Our conclusion in *Dill* is also consistent with the understanding of § 29-2263(3) set forth in this opinion. As we have explained, we understand § 29-2263(3) to allow trial courts to adjust probation terms during the course of probation as *new* circumstances warrant. We do not, however, understand § 29-2263(3) to allow probationers to challenge terms of probation based on arguments that could have been raised in a direct appeal of their sentence. If § 29-2263(3) was construed to allow such challenges, a party that failed to challenge a probation condition on direct appeal could file a motion to modify

and, if unsuccessful, appeal the denial of the motion to modify. We will not interpret § 29-2263(3) to effectively eliminate the deadline to appeal a criminal sentence set forth in Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018) in the context of challenges to probation conditions.

While nearly all of the allegations Paulsen made in his motion to modify were known to him at the time of sentencing, we acknowledge that Paulsen's motion to modify also alleged that he had not been sanctioned during the term of his probation. We also acknowledge that Paulsen's apparent compliance with his terms of probation for approximately 6 months is not a basis upon which Paulsen could have sought removal of the firearms restriction on direct appeal. Even so, our conclusion that the district court did not err in denying Paulsen's motion to modify remains unchanged. Compliance with the terms of probation is the expectation for all probationers. The mere fact that a probationer has complied with the terms of probation for some period of time is not a sufficient change in circumstances so as to entitle a probationer to a modification of the conditions of probation.

## CONCLUSION

Because we find that the district court did not err in denying Paulsen's motion to modify the terms of his probation, we affirm.

AFFIRMED.