Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/20/2023 09:04 AM CST

State of Nebraska, appellee, v.
Ty W. Sullivan, appellant.
___ N.W.2d ___

Filed January 20, 2023.    No. S-22-266.

1. **Administrative Law: Statutes: Appeal and Error.** The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Sentences: Probation and Parole.** It is important to raise any objections to the conditions of post-release supervision when they are first announced, and any alleged deficiency should be brought to the sentencing court's attention at the outset.
3. **Sentences.** A sentence validly imposed takes effect from the time it is pronounced, and any subsequent sentence fixing a different term is a nullity.
4. **Sentences: Probation and Parole.** The State cannot seek changes to the conditions of post-release supervision in the absence of new circumstances.
5. **Sentences: Probation and Parole: Collateral Attack: Appeal and Error.** Neb. Ct. R. § 6-1904 (rev. 2016) cannot be used to collaterally attack a sentence and effectively eliminate the deadline to appeal.

Appeal from the District Court for Seward County: James C. Stecker, Judge. Affirmed as modified.

Korey L. Reiman, Seward County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Ty W. Sullivan appeals from the district court's order adding to the conditions of his post-release supervision before his anticipated release from the Department of Correctional Services. Sullivan argues that the State needed to prove new circumstances to warrant modification of the terms of the post-release supervision order under Neb. Ct. R. § 6-1904(B) (rev. 2016). Because this appeal presents a question of first impression as to the interpretation of § 6-1904 governing pre-release modification of post-release supervision orders, we granted the State's petition to bypass the Nebraska Court of Appeals pursuant to Neb. Ct. R. App. P. § 2-102(B) (rev. 2022).[1] For the reasons set forth below, we affirm, as modified, the district court's post-release supervision order.

## FACTUAL BACKGROUND

The State filed an initial information against Sullivan containing two counts of first degree sexual assault of a child, two counts of third degree sexual assault of a child, and two counts of felony child abuse, all enhanced with habitual criminal allegations. Pursuant to a plea agreement, Sullivan pleaded no contest to one count of felony child abuse, and the State dismissed the other five counts. The plea agreement included conditions that the State would not allege Sullivan was a habitual criminal and that Sullivan did not have to register as a sex offender.

At the plea hearing, the State presented its factual basis for the count of felony child abuse, which included allegations that Sullivan would walk into the bathroom while his stepdaughters were showering, that he engaged in sexual contact by touching their breasts, and that he performed digital penetration.

[1] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2022).

Sullivan maintained that the sexual assault charges were false. The court accepted Sullivan's plea to one count of felony child abuse and ordered a presentence investigation report to be completed by the Office of Probation Administration.[2]

At sentencing, Sullivan again maintained that the initial allegations were false and that he did not commit the sexual assault offenses as the State originally charged. Sullivan pointed to a letter written by a friend of his now ex-wife. Sullivan's ex-wife and his stepdaughters moved into this friend's house after they made their initial allegations of Sullivan's conduct. In her letter, the friend disclosed that Sullivan's ex-wife admitted to making up the sexual abuse allegations and convincing the stepdaughters to lie because his ex-wife wanted to get back at Sullivan after she discovered that Sullivan had committed adultery. Sullivan also pointed to a deposition transcript of his ex-wife, in which she invoked her Fifth Amendment protection against self-incrimination and refused to answer questions, as well as to multiple requests for protection orders that contained conflicting allegations.

The district court, after considering that Sullivan received the benefit of a favorable plea agreement, noting that Sullivan was "habitual [offender] eligible," and previously noting that his probation had been revoked in an unrelated matter, sentenced Sullivan to a term of 3 years' imprisonment in the Department of Correctional Services, followed by a term of 18 months' post-release supervision. The court's order for post-release supervision adopted the Office of Probation Administration's recommendation contained in the presentence investigation report. Neither party objected to the sentence, and no appeals were filed.

As the anticipated date of Sullivan's release from the Department of Correctional Services neared, a post-release supervision plan was prepared. The Office of Probation Administration reviewed Sullivan's original post-release

---

[2] See Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2022).

supervision order and filed an application to change the order under Neb. Rev. Stat. § 29-2263(3) (Reissue 2016). Relevant to this appeal, the application sought to add the following conditions to the order: (1) follow 12 standard conditions specific for sex offenders, (2) obtain an "Adult[s] Who Sexually Harm evaluation" and follow all resulting recommendations, and (3) comply with real-time "GPS monitoring."

At the hearing on the application, Sullivan objected wholesale to the addition of the conditions of his post-release supervision. Sullivan specifically objected to all of the sex offender specific conditions, except the condition that he have no contact with the victims. The State called a specialized probation officer to testify that probationers are supervised according to what they have done, and not by what they have been convicted of. From the viewpoint of this officer, the conditions specific to sex offenders were appropriate to add to the court's order because the police reports related to Sullivan's initial charges stated facts that were sexual in nature. Neither the probation investigation officer who prepared Sullivan's presentence investigation report, nor the probation navigator who prepared Sullivan's post-release supervision plan, testified. Over Sullivan's objections, the court added the conditions included in the Office of Probation Administration's application to its order of post-release supervision under § 6-1904(B), rather than under § 29-2263(3). Sullivan appeals.

## ASSIGNMENTS OF ERROR

Sullivan assigns that the district court erred by adding to the conditions of his post-release supervision as a matter of law and that the State failed to provide sufficient evidence of new circumstances to support the additions.

## STANDARD OF REVIEW

[1] The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of

the decision made by the court below.[3] Claim-specific standards of review apply to an appeal of an order that modifies or eliminates, or adds to conditions of probation.[4]

## ANALYSIS

As an initial matter, we note that the district court was correct that § 6-1904, and not § 29-2263(3), controlled the proceeding below. Because Neb. Rev. Stat. § 29-2246(4) (Cum. Supp. 2022) provides that the definition of "probation" includes post-release supervision for the purposes of the Nebraska Probation Administration Act, the procedure set forth in § 29-2263(3) is applicable to post-release supervision. However, § 29-2263(3) only applies *during* the term of probation and does not provide authority for the modification or elimination of any of the conditions imposed on the probation or the addition of further conditions authorized by Neb. Rev. Stat. § 29-2262 (Cum. Supp. 2022) when an offender is still incarcerated and not yet a probationer.

Chapter 6, article 19, of the Nebraska Supreme Court Rules, promulgated under Neb. Const. art. 5, § 1, and Neb. Rev. Stat. § 29-2249 (Reissue 2016), provides rules for probation practices governing the trial courts of this State. Section 6-1904(B) provides a procedure for the district court to consider modification to its post-release supervision order based upon information regarding an offender's performance and programming while incarcerated and the risks and needs related to the offender complying with the conditions of his or her post-release supervision as sentenced, along with the needs and services of the community. It is this rule that was applicable to the proceeding below and governs our review of Sullivan's appeal.

[3] *In re App. No. P-12.32 of Black Hills Neb. Gas*, 311 Neb. 813, 976 N.W.2d 152 (2022).

[4] See *State v. Paulsen*, 304 Neb. 21, 932 N.W.2d 849 (2019).

On appeal, Sullivan argues that the State needed to prove new circumstances by clear and convincing evidence to warrant adding to the terms of the post-release supervision order. Sullivan cites to opinions of this court,[5] contending that under § 6-1904, like § 29-2263,[6] any objections by the State to the post-release supervision order based on information available at the time of sentencing needed to have been brought to the court's attention when they were first announced at sentencing. Sullivan contends that the State is under the same obligations that we have found applicable to defendants and probationers. We agree.

[2] We found in *State v. Phillips*[7] that the defendant's objections on direct appeal to the conditions of post-release supervision imposed at sentencing were waived because the defendant did not sufficiently preserve them. Then in *State v. Paulsen*,[8] we affirmed the district court's denial of a probationer's motion to modify the terms of his probation because all of the probationer's allegations in support of modification were known at the time of sentencing. We noted that all of the probationer's arguments challenging the terms could have been made on direct appeal, and we restated that it is important to raise any objections to the conditions of post-release supervision when they are first announced. We also noted that any alleged deficiency should be brought to the sentencing court's attention at the outset. Ultimately, we held in *Paulsen* that modification of probation conditions under § 29-2263(3) is not an opportunity to collaterally attack the sentencing judgment or to reassess whether initial conditions were erroneous.

---

[5] *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021); *State v. Paulsen, supra* note 4; *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018); *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017).

[6] See, also, *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

[7] *State v. Phillips, supra* note 5.

[8] *State v. Paulsen, supra* note 4.

[3] A sentence validly imposed takes effect from the time it is pronounced, and any subsequent sentence fixing a different term is a nullity.[9] There is no challenge that Sullivan's sentence, including the initial conditions of his post-release supervision, was validly imposed.[10] Sullivan's sentence, which included the conditions of his post-release supervision, was pronounced at his sentencing hearing. Those initial conditions reflect the sentencing court's determination of what the State's penological interests required.[11]

While aspects of a criminal sentence are quite static, similar to § 29-2263(3), § 6-1904 creates an exception to the general rule and allows a court to make adjustments to the conditions of post-release supervision as changing circumstances warrant before an offender's release from the custody of the State.[12] Section 6-1904 provides the sentencing court with an opportunity to consider modification to its post-release supervision order based upon the individualized post-release supervision plan from the Office of Probation Administration for the purpose of transitioning individuals across levels of supervision to, ultimately, discharge them.[13] Under § 6-1904(B) and (C), these individualized plans are to include information regarding any programming the offender may have completed while incarcerated and an updated assessment of the offender's needs and risks as the offender's post-release supervision begins "to better accomplish the primary goal of probation—'to insure that the offender will lead a law-abiding life.'"[14] To the

---

[9] *State v. Kidder*, 299 Neb. 232, 908 N.W.2d 1 (2018). See, also, *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988); *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986); *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984).

[10] See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022).

[11] See *State v. Heaton*, 225 Neb. 702, 407 N.W.2d 780 (1987).

[12] See *State v. Paulsen, supra* note 4.

[13] See Neb. Rev. Stat. § 29-2252(11) (Cum. Supp. 2022).

[14] *State v. Paulsen, supra* note 4, 304 Neb. at 27, 932 N.W.2d at 854 (quoting § 29-2262(1)).

extent the State argues that modification is mandatory upon an application and recommendation of the Office of Probation Administration, we reject that argument. Whether modification is warranted is determined by the sentencing court.[15]

[4,5] Analogous to our prior decisions,[16] we now hold that the State cannot seek changes to the conditions of post-release supervision in the absence of new circumstances. The State did not object to the conditions of Sullivan's post-release supervision at the time of sentencing, nor did the State file an appeal as to Sullivan's sentenced conditions of post-release supervision. We recognize that the State's options to appeal from a sentencing condition are not the same as those available to a criminal defendant, but the State's authority must be exercised in accordance with those options and in the time and manner as required by law. The State cannot collaterally attack Sullivan's sentence under the guise of a pre-release modification of his post-release supervision conditions, and to hold otherwise would allow § 6-1904 to "effectively eliminate the deadline to appeal a criminal sentence."[17] Thus, § 6-1904 cannot be used to collaterally attack a sentence and effectively eliminate the deadline to appeal.

At the hearing below, the only new circumstance contained in Sullivan's post-release supervision plan and testified to by the specialized probation officer was an interview with the victims' mother that she was concerned Sullivan would contact the victims in this case. Sullivan did not object to the sex offender specific condition that he have no contact with the victims. Therefore, the change to the district court's post-release

---

[15] See § 6-1904(D). See, also, *State v. Lee*, 237 Neb. 724, 467 N.W.2d 661 (1991); *State v. Heaton, supra* note 11.

[16] See, *State v. Paulsen, supra* note 4 (holding motion to modify conditions of probation cannot be used to collaterally attack sentence); *State v. Phillips, supra* note 5 (holding defendant must specifically object to conditions of post-release supervision at sentencing in order to sufficiently preserve them for direct appeal).

[17] *State v. Paulsen, supra* note 4, 304 Neb. at 32, 932 N.W.2d at 856.

supervision order adding this condition is affirmed. All other conditions added to the post-release supervision order are a nullity and are of no effect. We modify the post-release supervision order to delete those other conditions.

## CONCLUSION

Sullivan's sentence was validly imposed when it was pronounced; hence, the pronounced conditions of Sullivan's post-release supervision are still in effect. Because the State is under the same obligations that we have previously held applicable to defendants and probationers, the district court's order is affirmed only to the extent that Sullivan have no contact with the victims in this case during the term of his post-release supervision.

Affirmed as modified.