Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/02/2026 08:06 AM CST

State of Nebraska, appellee, v.
Melvin L. Jackson, appellant.

___ N.W.3d ___

Filed January 2, 2026.    No. S-25-054.

1. **Statutes: Presumptions: Words and Phrases.** Generally, when the word "may" is used in a statute, permissive or discretionary action is presumed.
2. **Probation and Parole.** Probationary matters are entrusted to the discretion of a trial court.
3. **Sentences: Appeal and Error.** An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.
4. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of below, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.
5. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.
6. **Probation and Parole.** Post-release supervision is a form of probation.
7. **Statutes.** It is well-settled that statutory interpretation begins with the text and that statutory language is to be given its plain and ordinary meaning.
8. **Statutes: Appeal and Error.** An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words which are plain, direct, and unambiguous.
9. **Words and Phrases.** As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

Melvin L. Jackson, pro se.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Freudenberg, J.

## INTRODUCTION

This case concerns the denial of a motion to terminate post-release supervision. The appellant was convicted in the district court of one county and sentenced to serve two 1-year prison terms concurrently with 18 months of post-release supervision to follow. Thereafter, the appellant was sentenced to an additional 2-year prison term in a district court of a different county, to run consecutive to his prior sentence. The appellant contends that his post-release supervision should be terminated based on the separate sentences and his progress while incarcerated. We affirm.

## BACKGROUND

In February 2023, Melvin L. Jackson was convicted of two felonies in the Lancaster County District Court in case No. CR 22-751. Jackson was sentenced to a 1-year term of imprisonment for each conviction, to run concurrently. In addition, Jackson was sentenced to 18 months of post-release supervision pursuant Neb. Rev. Stat. § 29-2204.02(1)(b) (Reissue 2016).

Subsequently, Jackson was convicted and sentenced to a 2-year term of imprisonment by the Saline County District Court in case No. CR 23-045. This sentence was ordered to run consecutively to the Lancaster County sentence. This sentence was set to, and seemingly did, expire in June 2025.

Thus, Jackson is no longer imprisoned under either the Lancaster County or the Saline County convictions.

In December 2024, prior to his completion of his incarceration sentence from Saline County, Jackson filed a motion in the Lancaster County District Court seeking to terminate his post-release supervision. Jackson's motion cited to the progress he made while incarcerated and the separate sentence imposed in Saline County as reasons for termination of his post-release supervision. On January 13, 2025, the court held a hearing on Jackson's motion. During the hearing, Jackson laid out the progress he had made and the support system he has to help him maintain that progress upon release from incarceration. The court, noting the statutory requirement of post-release supervision, denied Jackson's motion on the record and later entered an order denying Jackson's motion.

Jackson timely filed this appeal. We moved this case to our docket.[1]

## ASSIGNMENTS OF ERROR

Jackson, appealing pro se, assigns four errors that essentially present one argument. Jackson assigns, consolidated and rephrased, that the district court abused its discretion and committed plain error by overruling his motion to terminate post-release supervision when he had completed multiple sentences imposed by the Lancaster County District Court and was serving a separate sentence imposed by the Saline County District Court.

## STANDARD OF REVIEW

[1-3] The State points out that we have not addressed the applicable standard of review from the denial of a motion made under Neb. Rev. Stat. § 29-2263(2) (Cum. Supp. 2024). Under the language of the statute,[2] the court "may" discharge

---

[1] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[2] § 29-2263(2).

a probationer. Generally, when the word "may" is used in a statute, permissive or discretionary action is presumed.[3] Further, under the Nebraska Probation Administration Act,[4] post-release supervision is included in the definition of "probation."[5] Probationary matters are entrusted to the discretion of a trial court.[6] Therefore, we address the denial of a motion to terminate post-release supervision under an abuse of discretion standard. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[7]

[4] Plain error may be found on appeal when an error unasserted or uncomplained of below, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[8]

## ANALYSIS

Jackson asserts on appeal that the Lancaster County District Court erred by failing to sustain his motion to terminate post-release supervision because he served a separate sentence imposed by a separate county's district court, thereby interrupting his sentence and relieving him from serving his

---

[3] See *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 272 Neb. 390, 722 N.W.2d 10 (2006).

[4] Neb. Rev. Stat. §§ 29-2243 to 29-2269 (Reissue 2016, Cum. Supp. 2022 & Cum. Supp. 2024).

[5] § 29-2246(4). See, also, *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023).

[6] See *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). See, e.g., *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024); *State v. Paulsen*, 304 Neb. 21, 932 N.W.2d 849 (2019); *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017).

[7] *State v. Horne, supra* note 6.

[8] See *State v. Cooke*, 311 Neb. 511, 973 N.W.2d 658 (2022).

post-release supervision. We find no merit to his assignments of error and affirm.

Jurisdiction

[5] We must first address whether we have appellate jurisdiction.[9] For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[10] We have not yet addressed whether a trial court's denial of a motion to terminate post-release supervision under § 29-2263(2) is a final, appealable order within the meaning of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2024).

Section 25-1902(1)(c) provides that "[a]n order affecting a substantial right made on summary application in an action after a judgment is entered" is a final, appealable order. We have said that an order made "upon a summary application in an action after [a] judgment" under § 25-1902 is "an order ruling on a postjudgment motion in an action."[11]

[6] In *State v. Paulsen*,[12] we held that an order denying a motion to modify or eliminate a probation condition under § 29-2263(3) affects a substantial right and is, therefore, a final, appealable order under § 25-1902(1)(c). Section 29-2263 generally governs a court's power to impose, modify, and discharge a person from probation and post-release supervision.[13] Elsewhere, we have recognized that post-release supervision is a form of probation.[14] In *Paulsen*, we explained

---

[9] See *State v. Paulsen, supra* note 6.

[10] *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021).

[11] *State v. Paulsen, supra* note 6, 304 Neb. at 25, 932 N.W.2d at 852 (internal quotation marks omitted).

[12] *State v. Paulsen, supra* note 6.

[13] *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

[14] See, e.g., *State v. Sullivan, supra* note 5; *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888; *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018).

that an order denying modification or elimination of probation conditions affects the right with finality; there is no later point at which the issue could be effectively reviewed on appeal.[15] The same can be said for an order denying elimination of post-release supervision pursuant to § 29-2263(2). Thus, the district court's order denying Jackson's motion to terminate post-release supervision was a final, appealable order.

## POST-RELEASE SUPERVISION

[7,8] Turning to the merits of Jackson's appeal, the issues presented require us to resolve questions of statutory interpretation regarding post-release supervision. It is well-settled that statutory interpretation begins with the text and that statutory language is to be given its plain and ordinary meaning.[16] An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words which are plain, direct, and unambiguous.[17]

Post-release supervision is defined in the Nebraska Probation Administration Act[18] as "the portion of a split sentence following a period of incarceration under which a person found guilty of a crime upon verdict or plea is released by a court subject to conditions imposed by the court and subject to the supervision by the [Office of Probation Administration]."[19] Section 29-2204.02(1) provides that "in imposing a sentence upon an offender for a Class III, IIIA, or IV felony, the court shall: . . . (b) [i]mpose a sentence of post-release supervision, under the jurisdiction of the Office of Probation Administration, within the applicable range in section 28-105." Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024) sets a sentencing range of no post-release supervision up to 2 years of post-release

---

[15] *State v. Paulsen, supra* note 6.

[16] See *Jones v. Colgrove*, 319 Neb. 461, 24 N.W.3d 1 (2025).

[17] *Id.*

[18] §§ 29-2243 to 29-2269.

[19] § 29-2246(13).

supervision for a Class III felony. Thus, Jackson was properly sentenced by the Lancaster County District Court to a term of 18 months of post-release supervision pursuant to his Class III felony conviction.

Under § 29-2263(2), a "probationer," which term includes a person sentenced to post-release supervision,[20] may be discharged at any time by the court, either by application of a probation officer, the probationer, or on the court's own motion. Jackson did not cite to this statute, but he seemingly filed his motion to terminate post-release supervision pursuant to § 29-2263(2).

While it is a bit difficult to decipher his exact arguments, Jackson seems to argue that because he began serving his Saline County sentence after serving his Lancaster County prison term, his post-release supervision imposed by the Lancaster County District Court "either has been served or completed, and/or should be subjected to termination, modification, suspension, or at best, deem [sic] waived as a matter of law." Jackson's argument appears to be that his post-release supervision began after he finished his Lancaster County sentence and while incarcerated for the Saline County conviction. This argument, however, does not have merit based on the plain language of either § 29-2246(13) or § 29-2204.02(7)(d).

[9] Section 29-2204.02(7)(d) provides that "[i]f the offender has been sentenced to two or more determinate sentences and one or more terms of post-release supervision, the offender shall serve all determinate sentences before being released on post-release supervision." As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.[21] Under the plain language of the statute, Jackson was required to serve all

---

[20] § 29-2246(5).

[21] *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

of his determinate sentences before being released on post-release supervision.

This conclusion is supported by our holding in *State v. Galvan*.[22] In *Galvan*, the defendant was sentenced for two separate offenses and received two sentences, each with a determinate prison sentence and each followed with 12 months of post-release supervision.[23] We recognized that the defendant complied with the requirements of § 20-2204.02(7)(d) by serving the imprisonment portion of his determinate sentences before being released on post-release supervision.[24] We explained that to hold otherwise would grant prisoners sentenced to consecutive determinate sentences freedom from confinement during intervening periods of post-release supervision.[25] Under § 29-2204.02(7)(d), supported by our decision in *Galvan*, Jackson was required to serve his determinate prison sentences before being released on post-release supervision.

The term itself, "post-release supervision," clearly indicates it does not commence until after a person has been released from incarceration. Included in the definition of post-release supervision in § 29-2246(13) is the phrase "following a period of incarceration." Neb. Ct. R. § 6-1904 (rev. 2016) provides that the purpose of the rule is "to ensure that as a part of a determinate sentence, a post-release supervision plan is created to offer a smooth, meaningful, and comprehensive transition of probationers from a term of incarceration to community supervision." To the extent Jackson asserts he served his Lancaster County post-release supervision while incarcerated under the Saline County sentence, his argument has no merit. To hold otherwise would defeat the purpose, intent, and plain meaning of post-release supervision.

---

[22] *State v. Galvan, supra* note 14.

[23] *Id*.

[24] *Id*.

[25] *Id*.

The other portion of Jackson's argument seems to be that serving the Saline County sentence interrupted his Lancaster County sentence and therefore relieves him of the post-release supervision portion of the sentence. In his brief, he argues, "[I]t is well settled law in Nebraska that once a sentence commence [sic] to run, it cannot be interrupted, stopped, or adjudged to be served via installments."[26] Jackson cites no authority to support this proposition. Notwithstanding, as explained above, Jackson's sentence was not interrupted, stopped, or required to be served in installments. Jackson properly served his determinate prison sentences before being released on post-release supervision.

In *State v. Roth*,[27] we addressed sentencing under § 29-2204.02(4) when multiple sentences were imposed by different counties. We explained there was no reason why the analysis would change when multiple sentences are imposed in different counties.[28] Further, we noted neither party in that case asserted that the fact the sentences occurred in different counties was legally relevant to the application of § 29-2204.02(4).[29] Here, we again see no reason why the analysis would change when Jackson was sentenced in multiple counties. Nothing in the language of our statutes nor our case law indicates that the imposition of a sentence of incarceration to run consecutively to a prior sentence of incarceration should relieve a probationer from serving post-release supervision at the conclusion of serving the determinate prison sentences.

Relatedly, Jackson seems to argue he was fulfilling the guidelines and prerequisites of his post-release supervision order while serving his Saline County sentence. As the Lancaster County District Court noted during the hearing on Jackson's motion to terminate post-release supervision,

---

[26] Brief for appellant at 8.

[27] *State v. Roth, supra* note 21.

[28] *Id*.

[29] *Id*.

Jackson's progress is commendable but does not necessitate the elimination of his statutorily required post-release supervision. As discussed above, a person cannot serve post-release supervision prior to release from incarceration.

Accordingly, we find no abuse of discretion or plain error in the Lancaster County District Court's denial of Jackson's motion to terminate post-release supervision.

## CONCLUSION

Based on the foregoing, we affirm the Lancaster County District Court's denial of Jackson's motion to terminate post-release supervision.

Affirmed.