Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/30/2021 12:10 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
RAELA C. REAMES, APPELLANT.
___ N.W.2d ___

Filed February 5, 2021.    No. S-20-318.

1. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

3. ____: ____. Before reaching the merits of the legal issue presented for review, an appellate court must determine whether it has jurisdiction over the matter before it.

4. ____: ____. Appellate courts have an independent obligation to ensure they have appellate jurisdiction.

5. **Jurisdiction: Time: Statutes: Appeal and Error.** It is mandatory and jurisdictional that a notice of appeal be filed within the time required by statute.

6. **Jurisdiction: Final Orders: Time: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2018), where a notice of appeal is not filed within 30 days from the entry of the final order appealed from, an appellate court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed.

7. **Jurisdiction: Judgments: Criminal Law: Words and Phrases: Appeal and Error.** A judgment is the final determination of the rights of the parties in an action. In a criminal case, the judgment from which an appellant may appeal is the sentence.

8. **Criminal Law: Probation and Parole: Sentences.** Under Neb. Rev. Stat. § 29-2263(3) (Reissue 2016), a court may adjust conditions of probation as changing circumstances warrant, but this statutory ability

to modify probation is not an opportunity to collaterally attack the sentencing judgment or to reassess whether initial conditions of probation were erroneous.

 9. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.

10. **Final Orders: Appeal and Error.** There are three types of final orders which may be reviewed on appeal: (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.

11. **Final Orders.** There are many factors to be considered when determining whether an order affects a substantial right, such as (1) the importance of the right and (2) the importance of the effect on the right by the order at issue.

12. **Final Orders: Words and Phrases.** A substantial right is a legal right, not just a technical right.

13. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is now appealing.

14. **Final Orders.** Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter.

15. **Final Orders: Appeal and Error.** An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

16. **Judgments: Appeal and Error.** A party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his or her consent, or upon his or her application.

17. **Effectiveness of Counsel: Records: Appeal and Error.** When a defendant's trial counsel is different from counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Appeal dismissed.

Joe Nigro, Lancaster County Public Defender, and Megan Kielty for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Raela C. Reames purports to appeal her sentence of probation stemming from a conviction in the district court for Lancaster County, Nebraska. Three days after the sentencing, the court modified the order of probation. Reames filed her notice of appeal 31 days after the initial sentencing order was filed and 28 days after the amended order of probation was filed. For various reasons, we lack jurisdiction to hear this matter and we dismiss the appeal.

## I. BACKGROUND

Following a jury trial, Reames was found guilty of one count of possession of a controlled substance. On March 17, 2020, the district court sentenced Reames to 1 year of probation. One of the conditions of probation was that Reames reside in Lancaster County and obtain permission from her probation officer before changing her address. At the conclusion of the sentencing hearing, Reames' counsel asked the court for permission to withdraw her motion for appellate bond, because Reames indicated to her that she "no longer desire[d] to appeal the matter."

On March 20, 2020, the court entered an amended order of probation, which Reames had signed on March 18. The order modified the probation to allow Reames to reside in Kansas instead of Nebraska. The rest of the March 17 sentencing order remained in effect.

On April 17, 2020, Reames, through trial counsel, filed a notice of appeal, seeking to appeal the March 17 sentencing order. On June 1, the Nebraska Court of Appeals entered a miscellaneous entry determining that Reames' notice of appeal was timely as to the March 20 amended order of probation,

but untimely as to the March 17 sentencing order. The court instructed the parties to address, in their respective briefs, why the appeal should not be dismissed for lack of jurisdiction.

On June 29, 2020, Reames' trial counsel filed a motion to withdraw because Reames had been appointed a new attorney for the appeal. The court sustained the motion to withdraw on July 16. Reames filed her appellant's brief on August 6 through her new counsel.

## II. ASSIGNMENT OF ERROR

On appeal, Reames assigns, restated, that she received ineffective assistance of counsel when her trial counsel failed to timely appeal from the March 17, 2020, sentencing order.

## III. STANDARD OF REVIEW

[1] Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.[1]

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

## IV. ANALYSIS

[3,4] Reames' sole assignment of error is that her trial counsel was ineffective for failing to timely appeal the March 17, 2020, sentencing order. However, before reaching the merits of the legal issue presented for review, we must determine whether we have jurisdiction over this matter.[3] Appellate courts have an independent obligation to ensure we have appellate

---

[1] *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

[2] *State v. Paulsen*, 304 Neb. 21, 932 N.W.2d 849 (2019); *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[3] See *Paulsen, supra* note 2.

jurisdiction.[4] For reasons discussed below, we find this court lacks the requisite appellate jurisdiction over this appeal.

As a threshold matter, we acknowledge that there is some confusion as to whether Reames is appealing from the March 17, 2020, sentencing order or from the March 20 amended order of probation. For sake of completeness, we will discuss both.

### 1. MARCH 17, 2020, SENTENCING ORDER

We first analyze whether Reames timely appealed from the March 17, 2020, sentencing order. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018) provides in relevant part as follows:

> (1) The proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by section 33-103.

[5-7] Further, we have held that it is mandatory and jurisdictional that a notice of appeal be filed within the time required by statute[5]; where a notice of appeal is not filed within 30 days from the entry of the final order appealed from, as required by § 25-1912(1), this court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed.[6] We have also held that a judgment is the final determination of the rights of the parties in an action and that in a

---

[4] *Id.* See, *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018); *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

[5] *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988).

[6] *Id.*

criminal case, the judgment from which an appellant may appeal is the sentence.[7]

Reames, through her trial counsel, filed her notice of appeal on April 17, 2020, which was 31 days after the sentencing order was entered. Therefore, to the extent that Reames is attempting to appeal the March 17 sentencing order, such appeal is untimely and we dismiss it for lack of jurisdiction.

## 2. MARCH 20, 2020, AMENDED ORDER

### (a) Jurisdiction

Recognizing that an appeal from the March 17, 2020, sentencing order would be untimely, Reames seems to instead treat this appeal as a direct appeal from the March 20 amended order of probation. Though Reames acknowledges that she is unable to collaterally attack the March 17 sentencing order, she contends that the entry of the amended order of probation allows her to argue the ineffective counsel issue as if this were a direct appeal of the original judgment.

As discussed above, the amended order of probation altered a condition of Reames' probation to allow her to reside in Kansas instead of in Nebraska. Neb. Rev. Stat. § 29-2263(3) (Reissue 2016) provides in part that "[d]uring the term of probation, the court on application of a probation officer or of the probationer, or its own motion, may modify or eliminate any of the conditions imposed on the probationer or add further conditions authorized by section 29-2262."

[8] In interpreting § 29-2263(3), we have explained that this statute allows a court to adjust conditions of probation as changing circumstances warrant, but that this statutory ability to modify probation is not an opportunity to collaterally attack the sentencing judgment or to reassess whether initial conditions of probation were erroneous.[8] Thus, Reames is

---

[7] *Paulsen, supra* note 2; *State v. Thalmann*, 302 Neb. 110, 921 N.W.2d 816 (2019). See *State v. Melton, ante* p. 159, ___ N.W.2d ___ (2021).

[8] See *Paulsen, supra* note 2.

correct that the order amending a condition of her probation does not allow her the opportunity to collaterally attack her original sentence. Additionally, the order amending a condition of probation does not allow Reames the opportunity to raise other assignments of error which could have been raised in a timely direct appeal.[9] Therefore, the issues before us become whether the March 20, 2020, amended order is a final, appealable order and what, if any, alleged errors could be raised in such an appeal. We recently considered a similar question in *State v. Paulsen*.[10]

In *Paulsen*, on January 16, 2018, the defendant, Larry Paulsen, was sentenced to a term of 24 months of probation stemming from a conviction for driving under the influence. On August 28, Paulsen filed a motion to modify the conditions of his probation, asking the court to remove the prohibition to possess firearms. After his motion was denied, Paulsen appealed the order denying modification, and as a result, we were tasked with determining whether the order was a final, appealable order.

[9,10] There, we noted that for an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[11] We further noted that under Neb. Rev. Stat. § 25-1902 (Reissue 2016), there are three types of final orders which may be reviewed on appeal: (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.[12] We determined that Paulsen's appeal fell into the third category, because an order "'upon

---

[9] See *id.*

[10] *Id.*

[11] *Id.*; *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019).

[12] *Paulsen, supra* note 2. See *Thalmann, supra* note 7.

a summary application in an action after judgment'" is "'an order ruling on a postjudgment motion in an action,'" and that "Paulsen's motion seeking a modification of his probation terms plainly meets that definition."[13]

[11-15] We next considered whether the denial of Paulsen's motion to modify probation affected a substantial right. In doing so, we noted that there are many factors to be considered when determining whether an order affects a substantial right, such as (1) the importance of the right and (2) the importance of the effect on the right by the order at issue.[14] Regarding the latter, we have stated that a substantial right is a legal right, not just a technical right.[15] We have further stated that an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is now appealing.[16] Additionally, whether the effect of an order is *substantial* depends on whether it affects with finality the rights of the parties in the subject matter.[17] Moreover, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[18] Ultimately, we determined that the denial of Paulsen's motion did affect a substantial right and, as a result, we found that we had appellate jurisdiction to consider the merits of Paulsen's appeal.

In turning to the matter before us, Reames' appeal also falls into the third category of final orders, because it appeals an order ruling on a postjudgment motion in an action. However, we find it difficult to appreciate how the amended order of probation affected a substantial right.

---

[13] *Paulsen, supra* note 2, 304 Neb. at 25, 932 N.W.2d at 852.

[14] See, *Paulsen, supra* note 2; *Thalmann, supra* note 7.

[15] See *id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

Though requiring a probationer to live in a specific location might affect a substantial right in some cases, here Reames was merely allowed to reside in Kansas instead of Nebraska. The record is clear that at the time of sentencing, Reames was already living in Kansas; as such, allowing her to continue living in Kansas would not affect the subject matter of the litigation by diminishing a claim or defense that was available to her prior to the amended order from which she is now appealing. Because no substantial right was affected by the amended order of probation, we find the March 20, 2020, amended order was not a final, appealable order from which Reames can properly appeal.

[16] Additionally, we find it difficult to say that Reames was aggrieved by the amended order of probation. Only a party aggrieved by an order or judgment can appeal; one who has been granted that which he or she sought has not been aggrieved.[19] Simply put, "'a party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his [or her] consent, or upon his [or her] application.'"[20]

Though the record is unclear as to who requested the modification, it appears that Reames took no issue with it. In fact, at her sentencing hearing, Reames indicated that she preferred to reside in Kansas. Additionally, prior to the court's issuing the modification, Reames signed the proposed order indicating that she had received a copy of it and agreed to abide by the modified condition. Further, on appeal, Reames assigned no error to the amended order of probation. Because Reames was not aggrieved by the amended order of probation, we find Reames is not entitled to prosecute error upon the granting of the March 20, 2020, amended order.

---

[19] *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

[20] *Id.* at 852, 678 N.W.2d at 729-30, quoting *Robins v. Sandoz*, 175 Neb. 5, 120 N.W.2d 360 (1963). Accord *Mahlendorf v. Mahlendorf, ante* p. 202, ___ N.W.2d ___ (2021).

Therefore, to the extent that Reames is attempting to appeal the March 20, 2020, amended order of probation, we lack jurisdiction over such appeal and dismiss it.

### (b) Postconviction

Although we have concluded that we lack jurisdiction to hear this case, for the sake of completeness, we also address Reames' contention that she was obligated to raise the issue of ineffective assistance of counsel in this appeal. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.[21]

[17] When a defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief, even if trial counsel elects not to file a direct appeal at all.[22] However, when a defendant's trial counsel is different from counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.[23]

Reames asserts that because her counsel on appeal differs from her trial counsel, she was "obligated" to raise on direct appeal any issue of trial counsel's ineffective performance which is known to her or is apparent from the record.[24] However, this reasoning holds true only if Reames had timely appealed from the criminal judgment, which was the March 17, 2020, sentencing order. Since Reames did not timely appeal the initial sentencing order, she lost the opportunity to file a direct appeal in this case. As a result, her first available opportunity to raise issues of ineffective assistance of

---

[21] *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000).

[22] *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008).

[23] *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020).

[24] See, *id.*; *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

trial counsel for failing to file a timely appeal would be in a motion for postconviction relief.[25] Therefore, as acknowledged by the State in oral argument, Reames' new counsel was not obligated or authorized to raise the issue of ineffective assistance of counsel in her appeal of the March 20 amended order of probation.

## V. CONCLUSION

Regardless of which order Reames is appealing from, we lack appellate jurisdiction over this case. To the extent Reames is appealing from the March 17, 2020, sentencing order, such appeal is untimely because it was filed 31 days after the sentencing order was entered. To the extent Reames is appealing from the March 20 amended order, such appeal is improper because the amended order was not a final, appealable order and because Reames was not aggrieved by the amended order. Therefore, because there is no proper, timely appeal in this case, we dismiss for lack of jurisdiction.

Appeal dismissed.

---

[25] See, *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020); *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).