Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/28/2021 08:10 AM CDT

State of Nebraska, appellee, v.
Brandon J. Weathers,
appellant.

___ N.W.2d ___

Filed September 21, 2021.    No. A-21-108.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. ____: ____. Before reaching the merits of the legal issue presented for review, an appellate court must determine whether it has jurisdiction over the matter.
3. ____: ____. Appellate courts have an independent obligation to ensure they have appellate jurisdiction.
4. **Constitutional Law: Postconviction: Collateral Attack: Final Orders.** The Nebraska Postconviction Act is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles.
5. **Postconviction: Collateral Attack.** If a defendant has a collateral attack that could be asserted under the Nebraska Postconviction Act, that act is his or her sole remedy.

Appeal from the District Court for Douglas County: Shelly R. Stratman, Judge. Appeal dismissed.

Brandon J. Weathers, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Riedmann, Bishop, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Brandon J. Weathers appeals the order of the district court for Douglas County, which denied his motion to vacate his convictions and sentences. Finding that the district court lacked jurisdiction over Weathers' motion, we dismiss the appeal.

## BACKGROUND

Weathers was convicted of two felony charges in 2015. This court affirmed his convictions and sentences on direct appeal. See *State v. Weathers*, No. A-16-305, 2017 WL 24777 (Neb. App. Jan. 3, 2017) (selected for posting to court website). Thereafter, he filed a motion for postconviction relief, which the district court denied, and we affirmed that decision on appeal. See *State v. Weathers*, No. A-18-483, 2019 WL 1375345 (Neb. App. Mar. 26, 2019) (selected for posting to court website).

In January 2021, Weathers filed a pro se "Motion to Vacate Sentences and Conviction" in the original criminal case filed in the district court. The motion states that it was filed pursuant to "Neb.Rev.Stat. [§] 25-2001 et seq. [(Reissue 2016)]" and seeks to vacate Weathers' convictions and sentences due to a violation of his Sixth Amendment right to counsel.

No hearing was held on the motion, and the State did not respond. The district court entered an order detailing the history of the case in that Weathers' convictions and sentences were affirmed on direct appeal and that the denial of his postconviction motion was also affirmed on appeal. The court's order indicates it also denied a second motion for postconviction relief that Weathers had filed in September 2020 and a motion to alter or amend that he filed in October 2020. The court therefore denied the present pleading and its accompanying motion to proceed in forma pauperis as frivolous. Weathers appeals.

## ASSIGNMENT OF ERROR

Weathers assigns that the district court erred in denying his motion to vacate.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021).

## ANALYSIS

[2,3] Before reaching the merits of the legal issue presented for review, we must determine whether we have jurisdiction over this matter. See *id.* Appellate courts have an independent obligation to ensure they have appellate jurisdiction. See *id*.

Weathers seeks to have vacated his criminal convictions and sentences. Although the district court and the State treated Weathers' motion as a successive motion for postconviction relief, Weathers makes clear that he filed his motion to vacate under § 25-2001 and not under the postconviction statutes. Section 25-2001 provides the manner in which a court in a civil action may vacate a judgment within the same term it was entered or out of term on certain grounds.

Despite Weathers' attempt to invoke § 25-2001, under the facts of this case, the postconviction statutes offer the sole remedy for collaterally attacking his final convictions and sentences. In *State v. Smith*, 288 Neb. 797, 851 N.W.2d 665 (2014), the defendant was convicted of kidnapping and sentenced to life imprisonment in 1983. In 2013, he filed a pro se "'Motion to Correct Illegal, Unconstitutional and Void Sentence,'" alleging that his sentence was illegal, unconstitutional, and void under a recent U.S. Supreme Court decision. *State v. Smith*, 288 Neb. at 798-99, 851 N.W.2d at 667. The district court found that it lacked jurisdiction over the defendant's motion because it was not brought pursuant to a recognized procedure under Nebraska law and because the sentence was valid and could not be modified, amended, or revised.

[4,5] On appeal, the Nebraska Supreme Court observed that the defendant had not brought the action under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016) (the Act), and that he acknowledged that such

a claim would be time barred under § 29-3001(4). Rather, the defendant sought relief under a purported common-law remedy providing that a void judgment may be attacked at any time in any proceeding. The Supreme Court rejected this argument, finding that the Act is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles and that if a defendant has a collateral attack that could be asserted under the Act, that the Act is his or her sole remedy. See *State v. Smith, supra*. The Supreme Court noted that the defendant could have asserted his claim under the Act, but failed to do so within the time limits prescribed by the Legislature. It therefore concluded that the district court did not err in determining that it lacked jurisdiction to consider the defendant's motion and in dismissing it without reaching its merit. And because the district court lacked jurisdiction, the Supreme Court similarly lacked jurisdiction, and it therefore dismissed the appeal.

Likewise, here, Weathers is clear that he did not bring his motion to vacate under the Act, but instead, he attempts to bring it under § 25-2001, a statute allowing for the vacation of a judgment in a civil action. The basis for Weathers' motion is that he represented himself at trial and now alleges that the district court did not advise him of his Sixth Amendment right to counsel. This constitutional basis for his motion brings it within the purview of the Act; therefore, the Act is his sole remedy for collaterally attacking his final convictions and sentences. As such, the district court lacked jurisdiction over his motion. See, also, *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005) (finding that court lacked jurisdiction over motion to vacate death sentence when not brought under postconviction statutes). Because the district court lacked jurisdiction, so, too, do we. We therefore dismiss the appeal.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.