Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/20/2026 08:07 AM CST

State of Nebraska, appellee, v.
Sherry A. Dale, appellant.
___ N.W.3d ___

Filed February 20, 2026.    No. S-25-350.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Pleas: Sentences: Probation and Parole.** There is no requirement in this state that the sentencing court must inform a defendant contemplating a guilty plea or a plea of no contest of the possibility of probation, as long as the court advises him or her of the existence, if any, of a mandatory minimum sentence as well as the full range of possible penalties.

4. **Judgments: Appeal and Error.** A party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his or her consent, or upon his or her application.

5. **Sentences: Penalties and Forfeitures: Appeal and Error.** Generally, where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, any claimed error is forfeited and is not preserved for appellate review.

6. **Appeal and Error.** Usually, when a party fails to object to an alleged error by the trial court, an appellate court will, at most, review the issue for plain error.

7. ____. Plain error may be found on appeal when an error unasserted or uncomplained of below, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and John J. Jedlicka for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Cassel, J.

## INTRODUCTION

Pursuant to a no contest plea, the court convicted Sherry A. Dale of felony animal neglect and imposed a probationary sentence. Dale challenges the condition of probation requiring her to reimburse an agency for expenses it incurred related to Dale's animal. The State asserts plain error in the absence of a fixed amount of reimbursement. We conclude that the court was not required to inform Dale of this potential condition and that Dale forfeited her other challenges. Finding no reversible error, we affirm the district court's judgment.

## BACKGROUND

Following calls concerning an emaciated and lethargic dog, animal control officers with the Nebraska Humane Society (Humane Society) observed the dog to have multiple open wounds and to be too weak to stand. Ultimately, the Humane Society euthanized the dog and performed a necropsy.

The State charged Dale, the dog's registered owner, with animal neglect/abandonment with serious injury, a Class IV felony. The court advised Dale that the charge carried the presumption the court would impose probation[1] but that the court could impose a sentence of up to 2 years' imprisonment, followed by up to 12 months of post-release supervision,

---

[1] See Neb. Rev. Stat. § 29-2204.02(2) (Reissue 2016).

a $10,000 fine, or both fine and imprisonment.[2] The court also informed Dale that the court could place a restriction of up to 15 years on her ownership of animals. It did not inform her that she could be required to pay unreimbursed expenses incurred by the Humane Society related to the dog. In exchange for the State's agreement to recommend a sentence of probation, Dale pled no contest. The court accepted Dale's plea.

The court ordered a presentence investigation report (PSR). The record does not show that the court ordered the PSR to include documentation regarding the nature and amount of any expenses incurred by the Humane Society in conjunction with the dog. The PSR showed that Dale was unemployed and had been on "SSI disability" for 18 years.

The probation officer who completed the PSR suggested a number of conditions if the court placed Dale on probation. Among the recommendations were that Dale be placed on probation for 18 months, that she pay a probation administration fee of $30, that the probation supervision fees be waived due to Dale's being on disability and not earning income, that she not possess an animal or care for other people's animals during probation, and that Dale be required to pay all fees to the Humane Society for the pickup, removal, euthanasia, and necropsy of the dog within the first 12 months of probation. The PSR did not contain any information with respect to such fees.

During the sentencing hearing, Dale's counsel addressed the recommendations in the PSR for purposes of allocution. Among other statements, counsel informed the court as follows:

> Also, I would state I discussed the recommendation. She would comply with those. I would thank the probation officer for asking to waive her monthly fees. Given what's reported there for SSI income, I think that's appropriate. There's also a pay any Humane Society fees

---

[2] See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024).

on there. I know with her income, I don't think that's, unfortunately, realistic just because, I think as the Court can see in the PS[R], she's of limited income very much there. But she was very compliant with me and good at appointments, very professional and had a personality when I met with her that would be consistent with somebody not having any prior significant charges or jail. It's literally all fines prior to this, Your Honor.

I would ask the Court to go along with the recommendation.

The court pronounced a sentence of 2 years' probation with "the normal and ordinary conditions of probation." The court stated, "Obviously, probation, after speaking with [Dale], can also talk to the Court about any things that need to be waived, any fees or anything else like that." The court ordered that Dale not possess an animal for the next 10 years and not care for other people's animals. It further ordered that Dale serve the first 30 days in jail. The court did not mention reimbursement of any expenses, and no evidence was adduced during the hearing regarding the amount of any expenses incurred by the Humane Society. Near the end of the sentencing hearing, the court told Dale's counsel to "go back into the jury room with a deputy and go through the order of probation, each and every condition, with your client, make sure that she understands them all; and if we need to reconvene, we will go ahead and do that for any questions."

The written order of probation contained the condition recommended by the probation officer concerning payment of fees to the Humane Society. It did not identify an amount. The order contained a provision stating that "the Court, upon application of the probation officer or [Dale], [or] upon its own motion, may modify or eliminate any of the above conditions or add any further conditions."

Dale appealed, and we moved the case to our docket.[3]

_____
[3] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

## ASSIGNMENTS OF ERROR

Dale assigns two errors, containing multiple parts, related to the condition of probation that she reimburse the Humane Society for all fees for the pickup, removal, euthanasia, and necropsy of the dog within the first 12 months of said probation. We restate the assignments to allege that the condition was erroneous because the court failed to (1) advise Dale of that potential penalty during the plea hearing, (2) order that the PSR include documentation regarding the nature and amount of expenses, (3) include the reimbursement part of her sentence in its oral pronouncement, (4) hold a hearing to determine the amount of reimbursement, and (5) order any particular amount.

## STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[4] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[5]

## ANALYSIS

The focus of this appeal is the condition of probation that Dale pay all fees to the Humane Society for the pickup, removal, euthanasia, and necropsy of the dog. The court convicted Dale of violating Neb. Rev. Stat. § 28-1009 (Cum. Supp. 2024), and the parties recognize that for such a violation, the Legislature allows a sentencing court to order a defendant to reimburse an agency, such as the Humane Society, for certain unreimbursed expenses.

One source of statutory authorization is found in Neb. Rev. Stat. § 28-1011 (Reissue 2016). The relevant subsection provides:

---

[4] *State v. Rejai, ante* p. 599, 29 N.W.3d 225 (2026).

[5] *Id*.

> In addition to any other sentence given for a violation of section 28-1009 . . . , the sentencing court may order the defendant to reimburse a public or private agency for any unreimbursed expenses incurred in conjunction with the care, impoundment, seizure, or disposal of an animal involved in the violation of such section. Whenever the court believes that such reimbursement may be a proper sentence or the prosecuting attorney requests, the court shall order that the presentence investigation report include documentation regarding the nature and amount of the expenses incurred. The court may order that reimbursement be made immediately, in specified installments, or within a specified period of time, not to exceed five years after the date of judgment.[6]

Although there is another subsection, prior to oral argument, neither party referred to it.[7] We express no opinion regarding that other subsection.

Regarding a sentence to probation, another statute authorizes conditions that may be attached. First, the statute states in part, "When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life."[8] It then states, "The court may, as a condition of a sentence of probation, require the offender . . . (q) [t]o satisfy any other conditions reasonably related to the rehabilitation of the offender."[9]

Dale attacks the condition on several grounds. As discussed below, we conclude that she forfeited all but the first claimed error.

---

[6] § 28-1011(1).

[7] See § 28-1011(2) (imposing liability for expenses even if reimbursement is not ordered).

[8] Neb. Rev. Stat. § 29-2262(1) (Cum. Supp. 2024).

[9] § 29-2262(2).

### No Advisement During
### Plea Hearing

Dale first contends that the court erred in imposing the condition when it did not advise her that reimbursement was a potential consequence or otherwise address it during the plea hearing. We see no error.

It is well established that a defendant can voluntarily, knowingly, and intelligently enter a plea only if he or she understands its consequences.[10] We have stated that explaining the possible range of penalties for each crime is adequate to enable a defendant to freely, voluntarily, intelligently, and understandingly plead to each crime with which he or she is charged.[11] Here, the court advised Dale of the range of penalties for a Class IV felony as set forth in § 28-105(1).

[3] The reimbursement provision was ordered not as a criminal penalty, but, rather, as a condition of probation. There is no requirement in this state that the sentencing court must inform a defendant contemplating a guilty plea or a plea of no contest of the possibility of probation, as long as the court advises him or her of the existence, if any, of a mandatory minimum sentence as well as the full range of possible penalties.[12] We observe that by use of the word "may" in § 28-1011(1), it is presumed that the Legislature made reimbursement as part of a sentence permissive or discretionary.[13] Thus, for violations of § 28-1009 or Neb. Rev. Stat. § 28-1010 (Reissue 2016), a court is not required to inform a defendant contemplating a plea of guilty or no contest of the possibility of reimbursing a public or private agency.

---

[10] See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

[11] *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986).

[12] *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991). See, also, *State v. Stastny*, 223 Neb. 903, 395 N.W.2d 492 (1986).

[13] See Neb. Rev. Stat. § 49-802(1) (Reissue 2021).

Our determination is further buttressed by case law concerning restitution. We have held that the failure to inform a defendant of the possibility of restitution as a sentence renders the entry of a plea of guilty involuntary and unintelligent in that regard and prevents the imposition of an order of restitution.[14] However, where restitution was a condition of probation, rather than a criminal penalty, we found no merit to an argument that the failure to apprise of the possibility of restitution rendered a guilty plea involuntary.[15]

Here, because the reimbursement was a condition of probation, it was not essential that the court advise Dale during the plea hearing of the possibility of having to reimburse the Humane Society.

## Dale Forfeited Other Assigned Errors

Dale also contends that the court erred in not ordering documentation of expenses to be included in the PSR, not addressing reimbursement during sentencing, not holding a hearing to determine the amount of reimbursement, and not ordering an amount. Although Dale could have raised these issues to the district court, she did not.

The condition was a recommendation contained in the PSR. Dale's counsel touched on it during the sentencing hearing. But counsel did not raise any objection to the recommended condition; instead, counsel questioned Dale's ability to pay. Counsel's concluding remark during allocution was to "ask the Court to go along with the recommendation." The court did so—it included the recommended condition in its probation order. Near the end of the sentencing hearing, the court told Dale's counsel to "go through the order of probation, each and every condition," with Dale and stated that the parties and the court could reconvene if there were any questions.

---

[14] See *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988).

[15] See *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992).

The record does not show that court reconvened or that Dale requested the court to do so. During oral argument, Dale's counsel confirmed that no such request was made.

[4,5] Two principles are implicated. First, a party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his or her consent, or upon his or her application.[16] Dale's counsel asked the court to follow the recommendation in the PSR and cannot now complain that the court did so. Second, generally, where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, any claimed error is forfeited and is not preserved for appellate review.[17] During allocution and after, Dale had the opportunity to present any concerns about the recommended condition. Aside from mentioning Dale's limited income, Dale raised no objections to the condition.

[6,7] Usually, when a party fails to object to an alleged error by the trial court, we will, at most, review the issue for plain error.[18] Plain error may be found on appeal when an error unasserted or uncomplained of below, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[19]

We see no plain error resulting from Dale's forfeitures. Although the court did not specify an amount to be paid, the probation statutes provide a remedy.[20] Thus, leaving the amount unspecified would not result in damage to the integrity, reputation, and fairness of the judicial process. Likewise, for essentially the same reason, we decline the State's invitation to find plain error in the district court's omission of a

---

[16] *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021).

[17] *State v. Dawn, ante* p. 342, 27 N.W.3d 9 (2025).

[18] *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

[19] *State v. Jackson, ante* p. 609, 29 N.W.3d 232 (2026).

[20] See, e.g., Neb. Rev. Stat. § 29-2263(3) (Cum. Supp. 2024).

specific dollar amount. Moreover, conditions of probation often impose requirements to pay for testing, compliance, and similar items, without specifying dollar amounts. Nothing in this opinion should be read to question that practice.

## CONCLUSION

For the reasons explained above, we conclude the following:

• Because reimbursing the Humane Society was a condition of probation, rather than a criminal penalty, the court did not err by not informing Dale of the possibility of reimbursement during the plea hearing.

• By asking the court to "go along" with the probation officer's recommendation—which included the condition at issue—and by not raising any objection to the condition to the sentencing court when provided the opportunity, Dale forfeited her challenges to it.

Finding no reversible error, we affirm the judgment of the district court.

Affirmed.