IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SIMONSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANNIKA C. SIMONSON, APPELLANT.

Filed May 9, 2023.    No. A-22-821.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed and remanded with directions.

Bradley A. Ewalt, of Ewalt Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

MOORE, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Annika C. Simonson appeals from her plea-based conviction of third degree assault of a pregnant victim by mutual consent. She was sentenced to 12 months of probation with both a non-waiverable term of 30 days in jail and another 30 days waiverable by the court. Simonson contends that the district court abused its discretion in imposing 30 days of non-waiverable jail time as a condition of her probation. For the reasons set forth here, we affirm and remand with directions.

## STATEMENT OF FACTS

Simonson was initially charged with third degree assault of a pregnant victim, a Class IIIA felony. Pursuant to a plea agreement, Simonson pled guilty to an amended charge of third degree assault of a pregnant victim by mutual consent, a Class I misdemeanor. The State provided a factual

- 1 -

basis which set forth that, on December 6, 2021, two groups of girls met up at a Norfolk golf course. The victim, who was two to three months pregnant, was pushed to the ground and Simonson and a co-defendant began hitting and kicking the victim. The altercation was filmed by some boys who were present. Defense counsel clarified that Simonson was not "the one that pushed the victim to the ground. [Simonson] kind of got in towards the tail end of it and there may have been possibly one kick based on my view of the video."

During the sentencing hearing, the prosecutor stated that the State was not opposing a term of probation but that "at least an upfront maybe a very short county jail sentence is . . . necessary in this case just to demonstrate that . . . harming or potentially trying to harm an unborn child is never acceptable under any circumstances." Defense counsel told the court that the defense was asking for probation or a fine and noted that Simonson had no criminal history, had a difficult life including her mother being murdered, and that Simonson did not start the altercation. Defense counsel stated that Simonson was "not involved in the physical aspect of it until very late in the situation. . . . she's even seen a couple of times trying to separate various people from getting involved. She does, it looks like, kick in the direction of the victim's shoulder" and that Simonson "did not kick at [the victim's] stomach or anything like that. She never intended any harm to her." Further, defense counsel noted that the victim provided a letter in support of Simonson. Although both the prosecutor and defense counsel referenced a video of the altercation, there was no video contained in the record provided to this court.

The sentencing court stated:

I hate to see someone like yourself, no prior criminal history, get involved in something like this, this mutual fight. . . . it doesn't seem like this is in your nature, but, nevertheless, you got involved in a fight with someone who was pregnant. You struck that person.

And . . . I read [the victim's] letter . . . and she obviously is supportive of you. She says here that she loves you and that you're an amazing friend. Which, again, is just something that I don't understand why you would have ever struck her or kicked her or whatever . . . that night.

The district court stated that "I do think that you're a candidate for probation" and sentenced Simonson to 12 months of probation. The court further stated "I'm going to order that you serve 60 days in jail . . . under the following terms. I want you to do 30 days in jail now, with the remaining days to be served prior to the end of probation unless there is a waiver by the Court." In response to defense counsel's request that the entire 60-day sentence be waivable, the court stated that "I want her to do some jail time now. When you get involved in an assault like this on somebody who is pregnant, I want there to be some jail time." Although the court initially wanted Simonson to start serving the 30 days of jail time immediately, the court reconsidered and stated that Simonson would start serving that time on November 11, 2022.

The court's written sentencing order conflicted with the court's oral pronouncement by setting forth that Simonson was to serve a period of 90 days in the Madison County Jail with 30 days to be served commencing on November 11. Simonson's 30 days of jail time set to begin in November was suspended pending her appeal.

ASSIGNMENT OF ERROR

Simonson contends that the district court abused its discretion in imposing 30 days of non-waiverable jail time as a condition of her probation.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

ANALYSIS

Simonson contends that the district court abused its discretion in imposing 30 days of non-waiverable jail time as a condition of her probation.

For the sake of completeness, we note that Simonson was convicted of third degree assault of a pregnant victim by mutual consent, a Class I misdemeanor. See Neb. Rev. Stat. § 28-310(1) (Reissue 2016); Neb. Rev. Stat. § 28-115(1)(c) (Cum. Supp. 2022) (criminal offense against a pregnant woman; enhanced penalty). Simonson's sentence of 12 months' probation is within the statutory sentencing range for Class I misdemeanors which are punishable by a minimum or no imprisonment and a maximum of 1 year of imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016).

Simonson does not argue that the sentence of probation or the waiverable jail time was excessive; she limits her claim of excessiveness to the non-waiverable jail time. Neb. Rev. Stat. § 29-2262(2)(b) (Cum. Supp. 2022) provides that the court may, as a condition of a sentence of probation, require the offender "to be confined periodically in the county jail or to return to custody after specified hours but not to exceed the lesser of ninety days or the maximum jail term provided by law for the offense[.]"

At the time of the preparation of the presentence investigation report, Simonson was 19 years old, single, with no dependents. She graduated from high school and had no criminal history. The PSR indicated that the altercation which led to Simonson's conviction started because the victim had turned in Simonson and the co-defendant for allegedly attempting to shoplift from a Norfolk store. Simonson had a difficult childhood and reported being a victim of verbal abuse, emotional abuse, sexual abuse, and neglect, and witnessing physical abuse. Simonson's mother was murdered when Simonson was 10 or 11 years old, her father had a lengthy criminal history and used illegal substances, and Simonson was cared for primarily by her maternal grandparents. Simonson attempted suicide on three occasions and was diagnosed with depression and anxiety in October 2020. Simonson also reported having an eating disorder since 8th grade. Regarding the current offense, Simonson stated that she "[didn't] see it as a crime, so I don't accept it. I wasn't the one that was hurting the other person." However, during the sentencing hearing, Simonson admitted that her actions were wrong. The victim wrote a letter in support of Simonson stated that "[i]f I was in your shoes . . . the most I'd probably give [Simonson] is community service or 6 months['] probation at the max or a fine."

Although Simonson has no criminal history and has had a difficult life, the district court expressed concern regarding Simonson engaging in a mutual fight with a pregnant woman when Simonson could have just walked away. We are mindful that the appropriateness of a sentence is

necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life and a sentencing court is accorded very wide discretion in imposing a sentence. See *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017). Because the court's order of 30 days of non-waivable jail time was within the conditions of probation allowed by § 29-2262, we cannot say that the court abused its discretion in imposing non-waivable jail time.

In its brief, the State notes that the district court's written sentencing order conflicted with its oral sentencing order by providing that Simonson was to serve total jail time of 90 days rather than the 60 days imposed during the sentencing hearing.

A sentence validly imposed takes effect from the time it is pronounced, and any subsequent sentence fixing a different term is a nullity. *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023). When there is a conflict between the record of a judgment and the verbatim record of the proceedings in open court, the latter prevails. *State v. Garcia*, 27 Neb. App. 705, 936 N.W.2d 1 (2019). Because the court orally pronounced a valid sentence, the oral pronouncement controls. Thus, we remand the matter with directions to modify the written judgment to conform to the pronounced sentence which was orally pronounced during the sentencing hearing. See *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020).

## CONCLUSION

Having considered and rejected Simonson's assignment of error, we affirm her conviction and sentence of 12 months' probation to include 30 days non-waivable jail time and 30 days of waivable jail time and remand the cause to the district court with directions to modify the written sentencing order to conform to the pronounced sentence.

AFFIRMED AND REMANDED WITH DIRECTIONS.